**Kumar GHIMIRE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–73810.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 29, 2009.

Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, USAK—Office of the U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Kumar Ghimire, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the agency's finding that Ghimire did not demonstrate past persecution or a well-founded fear of future persecution, because he failed to establish the Maoists sought to recruit or extort money from him on account of a protected ground. *See id.* at 481–83, 112 S.Ct. 812. Accordingly, his asylum claim fails.

We reject Ghimire's contention that the BIA erred in failing to consider the impact of recent events in Nepal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

Ghimire has not set forth any argument in his brief regarding the agency's denial of withholding of removal or its denial of relief under the Convention Against Torture. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

